Matter of the Estate of WILLIAM R. HOE, Deceased.

(Surrogate's Court, New York County, June, 1919.)

Wills — intention of testator — codicils — devise — life estates.

> Testator by a codicil to his will devised real estate to his daughter upon the following conditions, viz: "that she shall pay the taxes, insurance and repairs yearly as they may become due or necessary, and she shall have the free use and enjoyment of said premises as a whole, or she may lease the same for a term not exceeding two years and receive the rents and profits thereof as she may desire; that she shall not have the right to sell, convey or mortgage the same during her life, but she may devise the same by her last will and testament to any of her issue only. At her death the said property, if not so devised by her, is hereby devised and bequeathed to her issue in equal shares *per stirpes* and not *per capita.*" The property having been sold by the daughter with the consent of the trustees she contended that she was entitled absolutely to the sum realized upon the sale. *Held,* that it was the intention of the testator by said devise to give a life estate only in the property or its proceeds.

APPLICATION by a legatee for the construction of a codicil to a will.

McCandless, Aldcroftt & Ely (Moses Ely, of counsel), for petitioner.

Schenck & Punnett, for executor and trustees.

Surrogate's Court, New York County, June, 1919.   [Vol. 107.

Fowler, S.  This is an application by a legatee under the will of the testator for a construction of the third codicil to his will.  In that codicil the testator gave to his daughter, Marian M. Watkins, certain real estate situated at Orange, N. J., upon the following conditions, to wit:  " that she shall pay the taxes, insurance and repairs yearly as they may become due or necessary, and she shall have the free use and enjoyment of said premises as a whole, or she may lease the same for a term not exceeding two years' and receive the rents and profits thereof as she may desire; that she shall not have the right to sell, convey or mortgage the same during her life, but she may devise the same by her last will and testament to any of her issue only. At her death the said property, if not so devised by her, is hereby devised and bequeathed to her issue in equal shares *per stirpes* and not *per capita*."  The codicil further provided that the daughter could sell the property if the executors and trustees of his will consented to such sale, and that if she failed to pay the taxes on the property the trustees could deduct the same from the income to which she was entitled under another clause of the will.  The property was sold by the daughter, with the consent of the trustees, and she now contends that she is entitled absolutely to the sum realized upon the sale.

It seems to me that it was the intention of the testator to give his daughter a legal life estate in the property or its proceeds and that it was not his intention to give it to her absolutely.  The testator expressly provided that she could not sell the property except with the consent of the trustees; she could not devise it except to her issue, and if she did not pay the taxes the amount should be deducted from the income given to her under another clause of the will.  These restrictions and limitations upon her right to sell or

devise the property are inconsistent with absolute ownership.

This is not the case of an absolute devise or bequest being modified or limited by a subsequent clause, because nowhere in the codicil is an absolute devise given to the testator's daughter. In the first paragraph the devise is expressly stated to be " upon the following conditions," and in the subsequent clauses the limitations upon her absolute ownership are specified clearly and unequivocally. The power of sale given in the third paragraph of the codicil, to be exercised only upon the consent of the executors, cannot be construed as a bequest of the proceeds derived from such sale, as there are no words of gift to the daughter and no manifestation of an intention to enlarge the life estate given in the prior clause. It seems to me, therefore, that it was the intention of the testator that his daughter, Marian M. Watkins, should have the use of the premises or the income of the proceeds from the sale of the premises during her life, with the right to dispose of it by will to her issue. *Matter of McClure,* 136 N. Y. 238.

Decreed accordingly.